JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Andrew Davis-Bey appeals his conviction for felonious assault. He contends that his conviction was against the manifest weight of the evidence, that the trial court erred in sentencing him to the maximum sentence, and that counsel was ineffective. We find no merit to the appeal and affirm.
{¶ 2} Davis-Bey was indicted on one count of felonious assault. The matter proceeded to a jury trial, where the following evidence was presented.
{¶ 3} The victim, Leonard Ellis, testified that at 7:30 p.m. on May 6, 2000, he returned to his apartment located in Maple Heights. He noticed police officers in the parking lot, and he went inside the lobby to watch the activity through the window.
{¶ 4} After the police left, Monica Ludy, who lived across the hall from Ellis, approached him carrying a baseball bat. She told Ellis, Hey, you better leave my nephew alone. Ellis told her that he did not know her nephew. Two other men, one of whom was later identified as Andrew Davis-Bey, came out of Ludy's apartment. Davis-Bey asked what was going on. Ellis told him he did not know, but that he had to leave for work. As he turned to go back into his apartment, the two men punched him in the face and pushed him through the glass window in the lobby. He fell through the window and to the ground outside. The men kicked him and the woman began swinging the bat. Ellis ran around the apartment building to the back entrance.
{¶ 5} Ellis' fiancé, Cheryl Hughey, called 911, and both police and an ambulance arrived. As Ellis walked to the ambulance, he saw Ludy standing outside and pointed her out to the police officer. Upon being shown a photo array several days later, Ellis immediately identified Davis-Bey as one of the assailants.
{¶ 6} According to Ellis, he almost died due to loss of blood. His hands were split wide open, his ear was cut, and his left forearm was cut open to the bone, requiring skin grafts. He was hospitalized for three days.
{¶ 7} Ellis admitted that on the day of the assault he had consumed four sixteen-ounce cans of Schlitz malt liquor earlier in the afternoon and was still slightly intoxicated when he was assaulted. He also admitted that he has been an occasional user of crack cocaine since 1987 and had in fact used crack the day before the incident. He also admitted he had a prior record for breaking and entering.
{¶ 8} Officer Michael Green testified that when he arrived at Ellis' apartment, Ellis was bleeding profusely from his hands and arms. The officer testified that even though Ellis smelled of alcohol he did not appear intoxicated.
{¶ 9} According to the officer, as Ellis was taken to the ambulance, Ellis told the officer that one of the men who assaulted him resided with a woman who was standing outside of the apartment building. The officer stated that the woman Ellis pointed to was Monica Ludy. She was standing outside watching Ellis as he walked to the ambulance and said, "That's him, that's him." Ellis told the officer that the male also drove a Cadillac. The officer saw the Cadillac parked in the driveway and discovered that it was registered to Davis-Bey.
{¶ 10} When the officer questioned Monica Ludy, she smelled of alcohol. She told the officer four different versions of the incident, and she appeared intoxicated.
{¶ 11} When Davis-Bey was arrested, he agreed to make a written statement. In his statement, Davis-Bey claimed that Ellis and a woman accused Davis-Bey's wife, Monica Ludy, of selling drugs and also threatened her. According to Davis-Bey, when he asked Ellis why he was accusing Ludy of selling drugs and threatening her, Ellis grabbed Davis-Bey's collar. In response, Davis-Bey punched Ellis in the jaw. He said they wrestled and Ellis fell through the window. Davis-Bey maintained that he tried to avoid the confrontation and that Ellis was visibly intoxicated.
{¶ 12} Based on the above evidence, the jury found Davis-Bey guilty, and the trial court sentenced him to the maximum sentence of eight years in prison.
{¶ 13} Davis-Bey appeals and raises three assignments of error.
 I. {¶ 14} THE VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
{¶ 15} Davis-Bey argues that his conviction was against the manifest weight of the evidence because the victim's testimony was not credible. The hospital records indicated that Ellis was intoxicated and had cocaine in his system on the date of the alleged attack.
{¶ 16} When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As this court has stated:
 {¶ 17} The weight to be given evidence and the credibility of witnesses are determinations to be made by the triers of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. If there was sufficient evidence for the triers of fact to find defendant guilty beyond a reasonable doubt this court will not reverse a guilty verdict based on manifest weight of the evidence. State v. Brown
(1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph four of the syllabus, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239.
{¶ 18} State v. Rios (1991), 75 Ohio App.3d 288, 291. See, also, State v. Jenks (1991), 61 Ohio St.3d 259, 273.
{¶ 19} In the instant case, the jury heard the evidence that Ellis was intoxicated and had cocaine in his system. However, Officer Green also testified that Ellis did not appear intoxicated at the time. Therefore, the credibility of Ellis' testimony was for the jury to determine. State v. Rios, supra.
{¶ 20} Davis-Bey's first assignment of error is overruled.
 II. {¶ 21} THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO THE MAXIMUM SENTENCE OF EIGHT YEARS.
{¶ 22} Davis-Bey contends that the trial court erred in sentencing him to the maximum term because the court failed to consider the seriousness factors set forth in R.C. 2929.12 and because the victim's injury cannot be an aggravating factor for felonious assault, which requires serious injury as an element of the offense. He also contends that the trial court considered as aggravating factors criminal offenses that were dismissed.
{¶ 23} In imposing the maximum sentence, the trial court was required to make a finding that Davis-Bey fit within one of the categories set forth in R.C. 2929.14(C) and to give reasons for its finding. State v. Edmonson (1999), 86 Ohio St.3d 324.
{¶ 24} On the record, the trial court stated that the case constituted the worst form of the offense and that Davis-Bey posed a great likelihood of committing future crimes. Both of these are categories set forth under R.C. 2929.14(C). In support of these findings, the trial court took into consideration Davis-Bey's lengthy prior record, the severity of the victim's injuries, and the fact that Davis-Bey showed no remorse. These are all factors pursuant R.C.2929.12(E)(2), (B)(2), and (D)(5), respectively. Davis-Bey argues that no consideration was given to the mitigation factors under R.C. 2929.12(C) and (D); however, there was no evidence offered in support of mitigation.
{¶ 25} Although Davis-Bey contends that the trial court erred in considering the seriousness of the victim's injury because serious injury is one of the elements of the offense of felonious assault, this argument ignores the fact that there are different degrees of serious harm. As the court held in State v. Patterson (Dec. 14, 1999), Franklin App. No. 99AP-105, unreported:
 {¶ 26} Defendant further contends, however, that applying the serious physical harm factor of R.C. 2929.12(B)(2) is illogical and unfair, because one of the elements of the felonious assault charge against defendant is "serious physical harm." See R.C. 2903.11(A)(1). Defendant's contentions, however, ignore the reality that serious physical harm may be in different degrees. Something less than the severe beating [the victim] endured may well constitute serious physical harm for purposes of R.C. 2903.11(A)(1), but not be a worst form of the offense for purposes of the sentencing statute.
{¶ 27} In the instant case, the injuries sustained by Ellis were severe. The evidence indicated the skin on one arm was sheared to the bone, he needed skin grafts due to the loss of skin, and he almost bled to death.
{¶ 28} Finally, Davis-Bey argues that the trial court considered as aggravating factors criminal charges that were dismissed. Although the trial court mentioned three offenses, one that was dismissed and two with an unknown disposition, it noted that these offenses were in fact, either dismissed or had no disposition noted. Along with these offenses, the trial court also listed several other offenses for which Davis-Bey was convicted and sentenced, including two prior drug convictions, one of which had a violence specification attached, and one prior conviction for each of the following: carrying a concealed weapon, robbery, forgery, uttering, and grand theft. Therefore, there was evidence that Davis-Bey had a lengthy prior record.
{¶ 29} We find that the trial court adequately complied with both R.C. 2929.14(C) and R.C. 2929.12 in imposing the maximum sentence.
{¶ 30} Davis-Bey's second assignment of error is overruled.
 III. {¶ 31} DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN THAT HIS TRIAL ATTORNEY FAILED TO OBJECT TO THE PROSECUTOR'S HANDWRITTEN MISCHARACTERIZATION OF THE INDICTMENT AND FAILED TO MOVE THAT THE INCORRECT AND PREJUDICIAL WRITTEN STATEMENT BE STRICKEN FROM THE RECORD.
{¶ 32} Davis-Bey contends in his pro se assignment of error that, during trial, the prosecutor wrote an incorrect version of the indictment on the blackboard. Davis-Bey argues his attorney was ineffective for failing to object to the prosecutor's mischaracterization of the indictment.
{¶ 33} A review of the record does not indicate that the prosecutor wrote anything on a blackboard. Absent a record that demonstrates an assigned error, we must presume the regularity of the proceedings below. See, Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; State v. Skaggs (1978), 53 Ohio St.2d 162.
{¶ 34} The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. and DIANE KARPINSKI, J. CONCUR